IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



SELESIA K. BYRD     PLAINTIFF

V.     CIVIL ACTION NO. 1:16cv86LG-RHW

MBT LIMITED *D/B/A* SOUTHERN COMFORT
CAMPGROUND, and MARGARET MOONEY     DEFENDANT

**COMPLAINT**
(Jury Trial Demanded)

COMES NOW Plaintiff, Selesia K. Byrd, (hereinafter "Byrd") by and through her attorney, and files this Complaint against Defendants, MBT Limited *D/B/A* Southern Comfort Campground (hereinafter "Southern Comfort") and Margaret Mooney (hereinafter "Mooney"), and in support thereof would respectfully show unto the Court the following:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Byrd resides here and Southern and Mooney transact business here.

**PARTIES**

3. Byrd is a Mississippi resident of Harrison County, Mississippi.

4. Southern was a profit corporation incorporated in the state of Mississippi. Mooney is the director, president and treasurer of Southern. Southern operates a campground at 1733 Beach Boulevard, Biloxi, Mississippi 39531. Southern operates a campground for customers in multiple states. Southern regularly engages in interstate commerce and is an employer within the meaning of the Fair Labor Standards Act ("FLSA"). Southern can be served upon it registered agent Margaret Mooney at 2020 Pointe Clear Drive, Biloxi, Mississippi 39531.

5. Mooney is a Mississippi resident living at 2020 Pointe Clear Drive, Biloxi, Mississippi 39531.

-1-

6. Mooney operates a campground at 1733 Beach Boulevard, Biloxi, Mississippi 39531 for customers in multiple states. Mooney regularly engages in interstate commerce and is an employer within the meaning of the Fair Labor Standards Act ("FLSA")

## FACTUAL ALLEGATIONS

7. Defendants operate a campground at 1733 Beach Boulevard, Biloxi, Mississippi 39531. This campground is generally used by customers on a short-term basis for events like Cruising the Coast. Many of the Defendants' customers are out-of-state residents and as such Defendants engage in interstate commerce.

8. Defendants employ several individuals who perform manual labor on the campground

9. Byrd was employed by the Defendants to perform manual labor on the campground.

10. Byrd was employed by the Defendants from July of 2015 until October of 2015.

11. Byrd was employed by the Defendants as a groundskeeper. She was required to work from 9 am until 5 pm from Monday to Friday.

12. Byrd was paid an hourly wage and is not exempt from FLSA's wage and hour requirements.

13. Defendants required Byrd to maintain the campground, operate lighting, open and close the pool as well as clean the pool, among other things. These activities are integral and indispensable part of the principal activities for which Byrd was employed.

14. Defendants required Byrd to live on property. Byrd paid for 19 days of rent that were not reimbursed ($332.05).

15. Byrd was not paid for all time accrued after the performance of her first compensable act.

16. Byrd's hourly wage was $12.65 per hour. Byrd was paid every other week. Byrd should have received $1,012.00 from the Defendants, but was paid $750.00.

17. Byrd began as an employee for the defendants on July 27, 2015. Byrd worked from 9am to 5pm.

18. Byrd was employed by Defendants for 12 weeks (July 27, 2015 until October 16, 2015) at an hourly rate of $12.65 for a total of $6,072.00. (480 hours)

19. In addition to her regular hours, made two trip to Meridian at the direction of her employer (9 and 8 hours respectively)

20. At the direction of her employer, Byrd worked 8 hours on September 5, 2015 (Saturday), 8 hours on September 6, 2015 (Sunday), 8 hours on October 3, 2015 (Saturday), 8 hours on October 4, 2015 (Sunday)

21. At the direction of her employer, Byrd worked 4 hours on October 7, 2015 (Wednesday – 5pm-9pm) and 4 hours October 9, 2015 (Friday 5pm-9pm) for Crusin' the Coast.

22. At the direction of her employer, Byrd worked 8 hours on October 10, 2015 (Saturday), 8 hours on October 11, 2015 (Sunday).

23. Byrd worked a total of 78 overtime hours for which she was not compensated. Pursuant to 29 U.S.C. § 207, the Defendants owe Byrd $1,497.66 ($18.97 x 78 = $1,497.66) plus reimbursement for rent $332.05. For being force to seek judicial action the amount is doubled ($1,497.66 + 332.05) to $3,623.42. 29 U.S.C §216.

24. By failing to pay Byrd for all compensable time, Defendants acted willfully and with reckless disregard of clearly FLSA provisions. Defendants are liable for litigation costs, expenses, and attorney's fees

## TRIAL BY JURY

25. Byrd is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

26. Bryd incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

-3-

27. The FLSA requires that all covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C § 206(a)-(b)

28. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 hours in a workweek. *See* 29 U.S.C. § 207(a)(1).

29. Byrd is a covered employee entitled to FLSA protections.

30. The Defendants are covered employers required to comply with FLSA's mandates.

31. Under the FLSA, the compensable workday begins with the employee's first compensable act, which usually is the act of obtaining the first item of gear, and ends with the employee's last compensable act, which usually is the act of returning or storing the final item of gear. Everything in between is compensable. See *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005); *DeAsensio v. Tyson Foods, Inc.*, 500 F.3d 361 (3d Cir. 2007);

32. The Defendants have violated the FLSA with respect to Byrd by, inter alia, failing to compensate her for all hours worked and, with respect to such hours, failing to pay her the legally mandated overtime premium for such work on those occasions where the work exceeded 40 hours in a workweek.

33. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, the following relief is sought on behalf Byrd:

A. Back pay damages to the fullest extent permitted under federal law;

B. Liquidated damages to the fullest extent permitted under federal law;

C. Litigation costs, expenses, and attorney's fees to the fullest extent permitted under federal; and

D. Such other and further relief as this Court deems just and proper.

This the 8th day of March, 2016.

          Respectfully submitted,

          /s/Jason Graeber.
          Jason Graeber, Attorney for Selesia K. Byrd.
          2462 Pass Road
          Biloxi, Mississippi 39531
          Telephone: (228) 207-7117
          Facsimile: (228) 207-8634
          MSB No.: 101267
          jason@jasongraeberlaw.com